UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SAMARA MANNS,
individually and on behalf of
all others similarly situated,

      Plaintiff,                    CASE NO. 19-CV-1800
                                          JURY TRIAL DEMANDED

    v.

GRIESBACH READY-MIX LLC,

CHRISTOPHER SCOTT GRIESBACH,

    and

RANDALL LEE GRIESBACH,

      Defendants.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1.    This is a collective and class action brought by Plaintiff Samara Manns, individually and on behalf of the members of the proposed classes identified below. Plaintiff Manns and the putative class members are, or were, Drivers for Defendants Griesbach Ready-Mix, LLC, Christopher Scott Griesbach, and Randall Lee Griesbach (collectively "Defendants") at times since December 9, 2016. Since that time, Defendants have had a common policy and practice of failing to compensate their Drivers for all hours worked in excess of forty in a given workweek at one and one-half times their respective regular rates. As a result of

these common policies and practices, Defendants have failed to compensate Plaintiff Manns and the putative class members for overtime wages due in violation of the Fair Labor Standards Act of 1938 ("FLSA") and Wisconsin wage and hour laws.

2. Plaintiff Manns brings this action, individually and on behalf of other similarly-situated current and former Drivers, as a collective action pursuant to the FLSA for the purpose of obtaining relief including unpaid overtime compensation, liquidated damages, declaratory and/or injunctive relief, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Manns also brings this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage and hour laws for unpaid overtime compensation, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

4. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of

the events or omissions giving rise to the claim occurred within the district and Defendants have substantial and systematic contacts in this district, including operating a facility in Kaukauna, Wisconsin.

## PARTIES

6. Defendant Griesbach Ready Mix, LLC ("GRM") is a domestic Limited Liability Company with a principal place of business located in Kaukauna, Wisconsin. GRM's registered agent for service of legal process in the State of Wisconsin is Christopher Scott Griesbach located in Kaukauna, Wisconsin.

7. Defendant Christopher Scott Griesbach ("Chris Griesbach") is an adult resident of the State of Wisconsin residing in Outagamie County. Chris Griesbach has been a principal of GRM with operational control over all aspects of its business – including human resources and payroll practices – at times since December 9, 2016.

8. Defendant Randall Lee Griesbach ("Randy Griesbach") is an adult resident of the State of Wisconsin residing in Outagamie County. Randy Griesbach has been a principal of GRM with operational control over all aspects of its business – including human resources and payroll practices – at times since December 9, 2016.

9. Plaintiff Samara Manns is an adult resident of the State of Wisconsin residing in Brown County. Plaintiff Manns formerly worked as a Driver for Defendants between approximately July 09, 2018 and October 21, 2019. Manns's

Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A of this Complaint and is incorporated herein.

10. Plaintiff Manns brings this action individually and on behalf of the Collective Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Class** is defined as follows:

> All persons who are or have been employed by Defendants as a Driver at any time since December 9, 2016.

11. Plaintiff Manns brings this action individually and on behalf of the Wisconsin Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Class** is defined as follows:

> All persons who are or have been employed by Defendants as a Driver at any time since December 9, 2017.

12. The Collective Class and the Wisconsin Class will be collectively referred to as the "Classes" hereinafter.

## GENERAL ALLEGATIONS

13. At times since December 9, 2016, GRM has made and sold concrete out of its location in Kaukana, Wisconsin.

14. Since December 9, 2016, Chris Griesbach and Randy Griesbach have owned and operated GRM, including setting its human resources and pay practices and policies applicable to Plaintiff Manns and the Classes.

15. Plaintiff Manns and the Collective Class work, or have worked, for Defendants as Drivers at times since December 9, 2016.

16. Plaintiff Manns and the Wisconsin Class work, or have worked, for Defendants in the State of Wisconsin as Drivers at times since December 9, 2017.

17. Since December 9, 2016, Plaintiff Manns and the Classes's job duties while employed as Drivers for Defendants have included picking up raw materials, such as sand, to be made into concrete at Defendants' facility and delivering concrete to Defendants' customers within the State of Wisconsin.

18. At times since December 9, 2016, Defendants have agreed to pay Plaintiff Manns and the Classes on an hourly basis during their employments as Drivers for Defendants.

19. Since December 9, 2016, Plaintiff Manns and the Classes have performed their job duties entirely within the State of Wisconsin while working as Drivers for Defendants.

20. At times since December 9, 2016, Defendants have required Plaintiff Manns and the Classes to track their work hours via a time clock located within Defendants' Kaukauna, Wisconsin facility.

21. At times since December 9, 2016, Defendants have suffered or permitted Plaintiff Manns and the Classes to work in excess of forty hours in a given workweek while performing their duties as Drivers of Defendants.

22. At times since December 9, 2016, Plaintiff Manns and the Classes have recorded their actual hours worked – including hours in excess of forty in a given workweek – via Defendant's time clock located within its Kaukauna, Wisconsin facility.

23. Since December 9, 2016, Defendants have been aware that Plaintiff Manns and the Classes have worked in excess of forty hours in various workweeks.

24. At times since December 9, 2016, Defendants have had a common policy and practice of failing to pay Plaintiff Manns and the Classes at one and one-half times their respective hourly rates for all hours worked in excess of forty in a workweek.

25. As an illustrative example, Defendants paid Plaintiff Manns at her regular rate of $24.00 per hour for all 54.5 hours of work performed in the workweek starting on September 30, 2019 and ending on October 6, 2019 without any additional compensation for overtime premiums.

26. As a result of the foregoing, Defendants have failed to properly compensate Plaintiff Manns and the Classes at one and one-half times their respective regular rates of pay for all hours worked in excess of forty in a workweek in violation of the FLSA and in violation of Wisconsin law at times since December 9, 2016.

27. Defendant's conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith, and has caused significant damages to Plaintiff Manns and the Classes.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

28. Plaintiff Manns and the Collective Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Defendants' common decisions, policies, plans and programs,

practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked in excess of forty in a workweek at a rate of one and one-half times their respective regular rates. The claims of Plaintiff Manns as stated herein are the same as those of the Collective Class.

29. Plaintiff Manns and the Collective Class seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice failing to pay employees for all hours worked in excess of forty in a given workweek at one and-one-half times their respective rates of pay.

30. The Collective Class's members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, email addresses, and mailing addresses are readily available from Defendants. Notice can be provided to the Collective Class via first class mail to the last address known to Defendants and/or via email or text message to their last known email addresses or phone numbers and through posting at Defendants' facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

31. Plaintiff Manns brings her Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Class for violations occurring on or after December 9, 2017.

32. The proposed Wisconsin Class's members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise

number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are over 40 members in the Wisconsin Class.

33. Plaintiff Manns' claims are typical of those claims that could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of Defendants, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Class. Plaintiff Manns and the other members of the Wisconsin Class have sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

34. Plaintiff Manns is able to fairly and adequately protect the interests of the Wisconsin Class, has no interests antagonistic to the Wisconsin Class, and has retained counsel experienced in complex wage and hour class action litigation.

35. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, but are not limited to, the following:

   a) Whether Defendant failed to pay Plaintiff Manns and the Wisconsin Class for all work Defendants suffered or permitted them to perform in excess of forty hours in a workweek at the applicable rate required by Wisconsin law; and

   b) The nature and extent of class-wide injury and the measure of damages for the injury.

36. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

37. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act – Unpaid Overtime Wages

38. Plaintiff Manns, individually and on behalf of the Collective Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

39. Since December 9, 2016, Plaintiff Manns and the Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq*.

40. Since December 9, 2016, GRM has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

41. Since December 9, 2016, Plaintiff Manns and the members of the Collective Class have been employees within the meaning of 29 U.S.C. § 203(e).

42. Since December 9, 2016, GRM has been an employer of Plaintiff Manns and the Collective Class as provided under 29 U.S.C. § 203(d).

43. Since December 9, 2016, Chris Griesbach has been an employer of Plaintiff Manns and the Collective Class as provided under 29 U.S.C. § 203(d).

44. Since December 9, 2016, Randy Griesbach has been an employer of Plaintiff Manns and the Collective Class as provided under 29 U.S.C. § 203(d).

45. Since December 9, 2016, Defendants have violated the FLSA by failing to pay overtime compensation due to Plaintiff Manns and the Collective Class for each hour worked in excess of forty hours in any given workweek.

46. Plaintiff Manns and the Collective Class are entitled to damages equal to mandated overtime premium pay for all hours worked over forty in given workweek within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

47. Defendants' failure to properly compensate Plaintiff Manns and the Collective Class was willfully perpetrated and Plaintiff Manns and the Collective Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay due pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

48. Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium wages, Plaintiff Manns and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

49. Pursuant to 29 U.S.C. § 216(b), Plaintiff Manns and the Collective Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin Law – Unpaid Overtime Wages

50. Plaintiff Manns, individually and on behalf of the Wisconsin Class, re-alleges and incorporates by reference all preceding paragraphs as if restated herein.

51. Since December 9, 2017, Plaintiff Manns and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

52. Since December 9, 2017, Plaintiff Manns and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

53. Since December 9, 2017, Plaintiff Manns and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 104.001 *et seq.*

54. Since December 9, 2017, Plaintiff Manns and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

55. Since December 9, 2017, Plaintiff Manns and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

56. Since December 9, 2017, GRM has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

57. Since December 9, 2017, GRM has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

58. Since December 9, 2017, GRM has been an employer within the meaning of Wis. Stat. §§ 104.001 *et seq.*

59. Since December 9, 2017, GRM has been an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

60. Since December 9, 2017, GRM has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

61. Since December 9, 2017, Chris Griesbach has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

62. Since December 9, 2017, Chris Griesbach has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

63. Since December 9, 2017, Chris Griesbach has been an employer within the meaning of Wis. Stat. §§ 104.001 *et seq*.

64. Since December 9, 2017, Chris Griesbach has been an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

65. Since December 9, 2017, Chris Griesbach has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

66. Since December 9, 2017, Randy Griesbach has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

67. Since December 9, 2017, Randy Griesbach has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

68. Since December 9, 2017, Randy Griesbach has been an employer within the meaning of Wis. Stat. §§ 104.001 *et seq*.

69. Since December 9, 2017, Randy Griesbach has been an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

70. Since December 9, 2017, Randy Griesbach has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

71. Since December 9, 2017, GRM has employed, and/or continues to employ, Plaintiff Manns and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

72. Since December 9, 2017, GRM has employed, and/or continues to employ, Plaintiff Manns and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

73. Since December 9, 2017, GRM has employed, and/or continues to employ, Plaintiff Manns and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

74. Since December 9, 2017, GRM has employed, and/or continues to employ, Plaintiff Manns and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

75. Since December 9, 2017, GRM has employed, and/or continues to employ, Plaintiff Manns and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

76. Since December 9, 2017, Chris Griesbach has employed, and/or continues to employ, Plaintiff Manns and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

77. Since December 9, 2017, Chris Griesbach has employed, and/or continues to employ, Plaintiff Manns and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

78. Since December 9, 2017, Chris Griesbach has employed, and/or continues to employ, Plaintiff Manns and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

79. Since December 9, 2017, Chris Griesbach has employed, and/or continues to employ, Plaintiff Manns and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

80. Since December 9, 2017, Chris Griesbach has employed, and/or continues to employ, Plaintiff Manns and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

81. Since December 9, 2017, Randy Griesbach has employed, and/or continues to employ, Plaintiff Manns and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

82. Since December 9, 2017, Randy Griesbach has employed, and/or continues to employ, Plaintiff Manns and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

83. Since December 9, 2017, Randy Griesbach has employed, and/or continues to employ, Plaintiff Manns and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

84. Since December 9, 2017, Randy Griesbach has employed, and/or continues to employ, Plaintiff Manns and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

85. Since December 9, 2017, Randy Griesbach has employed, and/or continues to employ, Plaintiff Manns and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

86. Since December 9, 2017, Plaintiff Manns and the Wisconsin Class have regularly performed work in excess of forty hours per workweek while employed by Defendants without receiving compensation at one and one-half times their regular rates of pay for such hours worked.

87. Since December 9, 2017, Defendants had, and continue to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Manns and the Wisconsin Class overtime wages for all hours worked in excess of forty in a given workweek.

88. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

89. The foregoing conduct of Defendants, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime wages.

90. As set forth above, Plaintiff Manns and the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff Manns, individually and on behalf of the Wisconsin

Class, seeks damages in the amount of their respective unpaid overtime compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, a declaratory judgment declaring Defendants' actions as alleged herein to be in violation of Wisconsin law, and such other legal and equitable relief as the Court deems just and proper.

91. Under Wis. Stat. § 109.11, Plaintiff Manns and the Wisconsin Class are entitled to civil penalties equal and up to fifty percent of their unpaid overtime wages.

92. Under Wis. Stat. § 109.03(6), Plaintiff Manns and the Wisconsin Class are entitled to recovery of attorneys' fees and the costs incurred in this action to be paid by Defendants.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Manns, individually and on behalf of all members of the Classes, hereby respectfully requests the following relief:

  a) At the earliest time possible, an order designating this action as a collective action on behalf of the Collective Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

  b) At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Class;

  c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

  d) An order designating Plaintiff Manns as the Named Plaintiff and as representative of the Wisconsin Class;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations;

g) An Order finding that Defendants violated the FLSA and Wisconsin wage and hour law;

h) An Order finding that these violations were willful;

i) Judgment against Defendants in the amount equal to Plaintiff Manns', the Collective Class's, and the Wisconsin Class's unpaid wages at the applicable overtime premium rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorneys' fees incurred prosecuting these claims as well as pre-judgment and post-judgment interest; and

l) Such further relief as the Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Plaintiff Manns, on behalf of herself and all others similarly-situated, requests a trial by jury on all applicable issues of fact and law as provided by law.

Dated this 9th day of December, 2019.

Respectfully submitted,

*s/ Timothy P. Maynard*
Larry A. Johnson, WI SBN 1056619
Summer H. Murshid, WI SBN 1075404
Timothy P. Maynard, WI SBN 1080953

Hawks Quindel, S.C.

222 E Erie Street, Suite 210
Milwaukee, WI 53202
(414) 271-8650 (office)
(414) 271-8442 (facsimile)
Email: ljohnson@hq-law.com
       smurshid@hq-law.com
       tmaynard@hq-law.com

Counsel for Plaintiff