UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

SAMARA MANNS,
individually and on behalf of
all others similarly situated,

   Plaintiff,

v.                Case No. 19-cv-1800

GRIESBACH READY-MIX LLC,

CHRISTOPHER SCOTT GRIESBACH,

 and

RANDALL LEE GRIESBACH,

   Defendants.

---

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT
AND DISMISSAL OF CLAIMS WITH PREJUDICE**

---

Pursuant to FED. R. CIV. P. 7(b) and Civ. L. R. 7, Plaintiff Samara Manns and Opt-in Plaintiff Alicia Reyes (hereinafter referred to collectively as "Plaintiffs") and Defendants Griesbach Ready-Mix LLC, Christopher Scott Griesbach, and Randall Lee Griesbach (hereinafter referred to collectively as "Defendants"), by their respective undersigned counsel, hereby respectfully move the Court for an Order to (a) approve their Settlement Agreement; and (b) upon approval of the Settlement Agreement, dismiss this action with prejudice and without further costs

to any Party pursuant to FED. R. CIV. P. 41. In support of this motion, the Parties state as follows:

1. This is an action brought by Plaintiff Manns as a collective action under the Fair Labor Standards Act ("FLSA") and a class action under Wisconsin wage and hour laws pursuant to FED. R. CIV. P. 23. The Parties have reached a settlement of Plaintiffs' claims as alleged in the Complaint. Pursuant to that settlement, in exchange for a monetary payment, Plaintiffs are required to dismiss their FLSA and Wisconsin wage and hour law claims with prejudice and release the Defendants from any further liability under the FLSA and Wisconsin wage and hour laws for the time period in question. A copy of the Parties' Settlement Agreement is being filed as Exhibit A to this motion. However, in order for a private settlement of FLSA claims to be enforceable, the settlement must be approved by the Department of Labor ("DOL") or a district court. *See, e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Adams v. Walgreen Co.*, Case No. 14-cv-1208-jps, 2015 WL 4067752, at *1 (E.D. Wis. July 2, 2015). Because the Parties believe they have reached a fair and reasonable resolution of bona fide disputed issues, they are seeking this Court's approval of their Settlement Agreement along with dismissal of the action with prejudice and without further costs to either party.

2. When reviewing the fairness of a settlement under the FLSA, a court "must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's

overreaching." *Burkholder*, 750 F. Supp. 2d at 995. An agreement that "is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel ... and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation" is normally approved. *Id*. (internal quotation and citation omitted). A court reviewing a FLSA settlement "may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness." *Id*. (internal quotation and citation omitted). Courts look to the following factors:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Smoot v. Wieser Bros. Gen. Contractors, Inc.*, No. 15-CV-424-JDP, 2016 U.S. Dist. LEXIS 57148, at *6 (W.D. Wis. Apr. 29, 2016)(*citing Burkholder*, 750 F. Supp. 2d at 995).

**3.**     Because the Parties believe they have reached a fair resolution of disputed issues, they are seeking this Court's approval of their Settlement Agreement along with dismissal of the action with prejudice and without further costs to either party.

4.     After pre-litigation investigation into the claims asserted in this matter, Plaintiffs' Counsel filed the Complaint in this matter on December 9, 2019. (ECF No. 1.)

5. After the Parties agreed to a short extension of time for Defendants to answer the Complaint, Defendants' Counsel provided Plaintiffs' Counsel with time and payroll records for Plaintiffs and the putative collective/class members for purposes of evaluating the claims alleged.

6. Plaintiffs' Counsel reviewed and analyzed records provided by Defendants in order to evaluate Plaintiffs' claims as well as those of the putative collective and class action members and to engage in good faith settlement negotiations.

7. Over the course of February and March 2020, the Parties engaged in ongoing settlement negotiations that centered on a bona fide disputes regarding whether Plaintiffs would be able to satisfy the numerosity requirement of a collective and/or class action in this matter and whether Defendants would be able to claim an offset against any damages owed to Plaintiffs.

8. At the same time, Counsel for the Parties performed work necessary to move this matter forward in litigation, including drafting and negotiating a Rule 26 discovery plan, engaging in a Rule 16 scheduling conference, and exchanging initial disclosures.

9. On March 31, 2020, the Parties reached an agreement in principle to resolve the claims of the Plaintiffs for a total of $35,293.16, inclusive of attorneys' fees and costs, in light of their bona fide disputes.

10. Attorneys' fees and costs are recoverable under the FLSA and Wisconsin wage and hour laws. See 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6).

Plaintiffs' Counsel undertook representation of Plaintiffs in this matter on a 33.3% plus costs incurred contingent basis. Under the Parties' Settlement Agreement, Plaintiffs' Counsel will receive $11,420 attorneys' fees after reimbursement of $580.00 incurred in costs in this matter. This amounts to a recovery of 32.3% of the common settlement fund for attorneys' fees – a slight reduction of the contingent rate agreed-upon at the outset of this matter. Plaintiffs' Counsel's fee recovery is well within the market rate for contingent wage and hour litigation in U.S. District courts in Wisconsin – which regularly approve fee awards of 33.3% plus costs. *See Meetz v. Wisconsin Hospitality Group LLC*, 1:16-cv-01313-WCG, ECF No. 194 (October 31, 2018) (approving a 33.33% contingency fee totaling $666,666 of a $2,000,000 common fund, plus $23,074.67 in costs); *Ehmann v. Pierce Mfg.*, 1:16-CV-00247-WCG, ECF Nos. 143, 151 (May 31, 2017) (approving a 33.33% contingency fee totaling $1,700,000 of a $5,100,000 common fund, plus costs); *Bonnett v. Universal Metrics, Inc.*, No. 17-cv-1742-NJ, 2018 U.S. Dist. LEXIS 167760, at *2 (E.D. Wis. Sep. 28, 2018) (approving 33.33% contingency fee); *Pintor v. Hypro, Inc.*, 2018 U.S. Dist. LEXIS 168845, at *3 (E.D. Wis. Oct. 1, 2018) (same); *Pintor v. Fall River Grp., Inc*, No. 17-cv-865-pp, 2018 U.S. Dist. LEXIS 169477, at *2 (E.D. Wis. Oct. 1, 2018) (same); *Brandt v. WSB-Grafton, Inc.*, No. 16-cv-1588-pp, 2017 U.S. Dist. LEXIS 171155, at *2 (E.D. Wis. Oct. 17, 2017) (same); *Yu v. Millwood Inc.*, 2:17-cv-00324-NJ, ECF No. 66 (May 18, 2018) (same); *Demeuse v. Community Traffic Control LLC*, 2:16-cv-00651-PP, ECF No. 48 (January 11, 2018) (same); *Rossman v. A.R.M. Corporation d/b/a/ Comfort Keepers, et al.*, 1:16-cv-

00493-WCG, ECF No. 94 (December 15, 2017) (same); *Thompson et al., v. Carma Laboratories*, 16-CV-00030-DEJ, ECF No. 31 (E.D. Wis. August 15, 2016) (same); *Johannsen v. Lyall Manufacturing WI, Inc.*, 2:15-cv-00897-DEJ ECF No. 45 (E.D. Wis. September 12, 2016) (same); *Johannsen et al., v. Argon Industries*, 15-CV-1080-JPS, ECF No. 70 (E.D. Wis. July 15, 2016) (same); *Hanson v. Helgesen Industries, Inc.*, 2:15-cv-00878-DEJ, ECF No. 112 (E.D. Wis. September 14, 2016) (same); *Webb et al., v. Midwestern Wheels Inc., et al.,* 15-CV-1538, ECF No. 42 (W.D. Wis. July 5, 2016) (same); *Ordonez v. Pop Manufacturing, Inc., et al.,* 15-CV-823-JPS, ECF Nos. 32, 34 (E.D. Wis. October 30, 2015) (same); *Nordgren, Evan v. Epic Systems Corp.*, 3:13-CV-00840-BBC, ECF No. 88 (W.D. Wis. March 20, 2015) (same); *Beierle et al., v. BR Metal Technology*, 13-CV-01280-CNC, ECF No. 28, 40 (E.D. Wis. June 26, 2014) (same); *Williams v. Cargill*, 2:09-cv-01006-LA, ECF No. 81 (E.D. Wis. Mar. 23, 2014) (same); *Hernandez v. La Fuente Ltd.*, 13-CV-366-RTR, ECF No. 102 (E.D. Wis. Oct. 15, 2014) (same); *Fosbinder-Bittorf v. SSM Health Care of Wisconsin, Inc.*, 11-CV-592-WMC, ECF No. 150 (W.D. Wis. Oct. 23, 2013) (same); *Denk v. Pine Ridge Assisted Living et al.*, 3:11-cv-00210-WMC, ECF No. 81 (W.D. Wis. Aug. 7, 2012) (same).

11. In light of the foregoing, the Parties believe their settlement is a fair and reasonable resolution of Plaintiffs' claims in light of the expense and risks of continued litigation and respectfully request this Court's approval of their Settlement Agreement.

12. Pursuant to Civ. L. R. 7, the Parties hereby certify that this Motion is submitted without a supporting memorandum of law in order to avoid further incurring attorneys' fees and costs which, if incurred, may otherwise be a barrier to the Parties' ability to resolve this matter.

WHEREFORE, for all the foregoing reasons, Plaintiff and Defendants request that the Court enter an Order approving the Settlement Agreement and dismiss the case with prejudice and without further costs to either party pursuant to FED. R. CIV. P. 41.

Dated this 9th day of April, 2020.

| Respectfully submitted, | Respectfully Submitted, |
|---|---|
| *s/ Heather J. Macklin* | *s/ Timothy P. Maynard* |
| Heather J. Macklin, SBN | Timothy P. Maynard, SBN 1080953 |
| hmacklin@epiphanylaw.com | tmaynard@hq-law.com |
| Epiphany Law, LLC | Hawks Quindel, S.C. |
| 2800 East Enterprise Avenue | 222 E Erie Street, Suite 210 |
| Appleton, WI 54913 | Milwaukee, WI 53202 |
| (920) 996-0000 (office) | (414) 271-8650 (office) |
| (920) 996-0001 (facsimile) | (414) 271-8442 (facsimile) |
| **Attorneys for Defendants** | **Attorneys for Plaintiffs** |