DocuSign Envelope ID: 9FCCC3A0-0C2F-4A9C-996D-36698AD3D869

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into by Defendants Griesbach Ready-Mix LLC, Christopher Scott Griesbach, and Randall Lee Griesbach (collectively "GRM") and Samara Manns and Alicia Reyes (collectively "Employees"). Employees and GRM will be referred to hereinafter as the "Parties" or a "Party"

WHEREAS, Samara Manns filed a lawsuit alleging that GRM failed to pay her and other similarly situated drivers for overtime wages in violation of the Fair Labor Standards Act of 1938 ("FLSA") and Wisconsin wage and hour laws in the U.S. District Court for the Eastern District of Wisconsin titled *Manns v. Griesbach Ready-Mix LLC, et al.*, Case No. 19-cv-1800 ("Lawsuit");

WHEREAS, Alicia Reyes filed a consent form to assert her FLSA overtime claims in the Lawsuit;

WHEREAS, GRM admitted to liability for some violations of the overtime premium provisions of the FLSA and Wisconsin wage and hour laws with respect to Employees but disputed the amount of Employees' damages as well as whether the action could be maintained on a collective and/or class action basis;

WHEREAS, nothing in this Agreement is an admission or is to be construed as an admission of liability by GRM with respect to any claims that were or could have been made by or on behalf of anyone other than Employees; and

WHEREAS, the Parties have negotiated in good faith and at arms-length to fully and finally resolve, in light of the inherent risks and expenses of continued litigation, Employees' claims against GRM and any potential claims that GRM could assert against Employees.

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein, and other good and valuable consideration, the Parties agree as follows:

1. **RECITALS.** The Parties hereto acknowledge that the aforementioned recitals are true and correct and agree that such recitals, together with the definitions set forth therein and in the preamble to this Agreement, are hereby incorporated into this Agreement by reference.

2. **PAYMENTS DUE TO EMPLOYEES AND EMPLOYEES' COUNSEL.** In consideration of the representations and undertakings in this Agreement, GRM agrees to pay the total sum of $35,293.16 according to the timeframes and allocations as set forth in the following table:

| PAYABLE TO | PAYMENT ONE - 30 DAYS FROM COURT'S ORDER APPROVING SETTLEMENT AND DISMISSING CASE | | PAYMENT TWO - 60 DAYS FROM COURT'S ORDER APPROVING SETTLEMENT AND DISMISSING CASE | | PAYMENT THREE - 90 DAYS FROM COURT'S ORDER APPROVING SETTLEMENT AND DISMISSING CASE | |
|---|---|---|---|---|---|---|
| | W2 Portion | 1099 Portion | W2 Portion | 1099 Portion | W2 Portion | 1099 Portion |
| Samara Manns | $3,408.83 | $3,408.83 | $2,922.83 | $2,922.82 | $2,922.83 | $2,922.82 |
| Alicia Reyes | $881.11 | $881.11 | $755.50 | $755.49 | $755.50 | $755.49 |
| Hawks Quindel, S.C. | -- | $4,420.12 | -- | $3,789.94 | -- | $3,789.94 |
| | TOTAL PAYMENT ONE | $13,000.00 | TOTAL PAYMENT TWO | $11,146.58 | TOTAL PAYMENT 3 | $11,146.58 |

Payments listed under columns titled "W2 Portion" shall be paid to the recipient as amounts claimed for back wages with all normal payroll withholdings made and reported on an IRS W2 Form addressed to the recipient as required by law. Payments listed under columns titled "1099 Portion" shall be paid to the recipient as amounts claimed for liquidated damages or attorneys' fees and costs with no withholdings made and reported on an IRS 1099 Form to the recipient as required by law.

All payments as set forth in the above table shall be remitted to Hawks Quindel, S.C., Attn: Attorney Timothy P. Maynard at P.O. Box 442, Milwaukee, WI 53201-0442. Hawks Quindel, S.C. shall provide a completed IRS W-9 Form to GRM's counsel to facilitate GRM's compliance with the tax requirements of all payments made to Hawks Quindel, S.C.

3. **BREACH AND OPPORTUNITY TO CURE.** Nothing in this Agreement shall be construed as a waiver of the Parties' rights to pursue legal recourse for a breach of this Agreement. The Parties agree that in the event the other Party breaches this Agreement, the breaching Party will indemnify and hold the non-breaching Party harmless for any costs, damages and expenses, including reasonable attorneys' fees, arising out of the breach of this Agreement by that Party, or arising out of any suit or claim to enforce this Agreement. If GRM breaches the payment provisions as set forth in paragraph 2 above, GRM will have opportunity to cure within 5 business days of the breach by making the payments as set forth in the table above. However, GRM's failure to cure a breach within 5 business days of that breach shall result in an automatic conversion to judgment against GRM in the amount of $35,293.16, less all settlement amounts paid up to the date of the breach. Judgment shall be entered in the form of an Entry of Judgment substantially similar to Exhibit A to this Agreement. Should a default on GRM's part cause Employees to incur additional attorneys' fees and/or costs to collect the remaining amount due under this Agreement, Employees shall be entitled to collect their reasonable attorneys' fees and costs incurred in connection with such in collection efforts from GRM and/or any successor entity. The Court shall retain jurisdiction over this matter for this sole purpose. The Parties agree that the payments contemplated herein cannot be discharged in bankruptcy or

• DocuSign Envelope ID: 9FCCC3A0-0C2F-4A9C-996D-36698AD3D869

similar insolvency proceedings. Further, GRM affirmatively states that GRM does not currently anticipate filing for bankruptcy or any similar insolvency proceeding and has not retained counsel to file for or obtain advice regarding potentially filing for such a proceeding.

4. **EMPLOYEES' RELEASE OF CLAIMS.** Employees agree that by signing this Agreement, and accepting the consideration described herein, Employees unconditionally and irrevocably release GRM from all claims, including but not limited to (a) claims arising under the Fair Labor Standards Act of 1938, as amended ("FLSA") and Wisconsin law for unpaid overtime wages which have accrued through the execution date of this Agreement; and (b) any other actions, causes of action, claims or liabilities of any kind, known or unknown, which have been or could be asserted against GRM. Nothing in this Agreement shall limit Employees' rights to pursue claims which might arise after the Execution Date of this Agreement. This release shall not affect Employees' rights or claims that cannot be waived by law or to pursue a breach of this Agreement as stated in Paragraph 3 above.

5. **GRM'S RELEASE OF CLAIMS.** GRM agrees that, as a material part of the consideration offered in exchange for Employees' Release of Claims in paragraph 4 above and by signing this Agreement, GRM unconditionally and irrevocably releases Employees from all causes of action, claims, or liabilities of any kind, known or unknown, which have been or could be asserted against Employees. Nothing in this Agreement shall limit GRM's right to pursue claims which might arise after the Execution Date of this Agreement. This release shall not affect GRM's rights or claims that cannot be waived by law or to pursue a breach of this Agreement as stated in Paragraph 3 above.

6. **GRM'S WAIVER OF RIGHT TO ARGUE CLAIM PRECLUSION OR *RES JUDICATA*.** GRM agrees and explicitly waives the right to argue claim preclusion or *res judicata* on the basis of this Agreement or the filing of the Lawsuit as a collective and class action in the event that one of GRM's employees (other than the Employees subject to this Agreement) files a claim for unpaid overtime wages in the future. The Parties acknowledge and agree that this paragraph is a material provision of this Agreement, that Employees would not otherwise enter this Agreement without such a waiver by GRM, and that any violation of this provision by GRM in the future shall be considered a material breach of this Agreement that is governed by paragraph 3 above.

7. **COURT APPROVAL.** The Parties agree to submit this Agreement as an attachment to a Joint Motion for Approval of Settlement Agreement and Dismissal of Claims with Prejudice in order to effectuate a release of claims under the FLSA and Wisconsin wage and hour laws. In the event that the Court does not approve this Agreement, this Agreement shall be null and void and the Parties will

DocuSign Envelope ID: 9FCCC3A0-0C2F-4A9C-996D-36698AD3D869

jointly request a status conference to set a new scheduling order to proceed in litigation of the Lawsuit.

8. **APPLICABLE LAW; VENUE.** This Agreement shall be governed by and construed in accordance with the laws of the State of Wisconsin and the applicable laws of the United States of America. Except as stated otherwise in paragraph 3 above, venue for any dispute concerning this Agreement is proper in the appropriate federal or state courts of Wisconsin.

9. **AUTHORITY.** The Parties agree that the persons executing this Agreement are authorized to do so on behalf of the Party for whom they are signing and thereby bind themselves and their principals.

10. **NON-ASSIGNMENT.** The Parties each represent and warrant that neither they nor any of their agents, representatives, officers, or attorneys have made or have purported to make, assign, transfer, pledge, or hypothecate, any actual or alleged claims, demands, causes of action, obligations, or liabilities which, but for such assignment or transfer, would be subject to the releases in this Agreement.

11. **CONSTRUCTION.** The Parties each acknowledge and agree that each has been represented by counsel in the negotiation and drafting of this Agreement, and that no party is entitled to have any wording of this Agreement construed against any other in the event of a dispute in connection with this Agreement.

12. **FULL DISCLOSURE.** The Parties warrant and represent that, before signing this Agreement, they (1) have fully informed themselves of its terms, contents, and conditions; (2) have received the advice of their respective legal counsel; and (3) fully understand the terms and provisions of this Agreement.

13. **EXECUTION IN COUNTERPARTS.** The Parties agree that this Agreement may be executed in multiple counterparts, each of which executed counterparts shall be deemed an original and a valid and enforceable acceptance and acknowledgement of the sufficiency of this Agreement by the Party signing, and all executed counterparts taken together shall be considered one and the same agreement. This Agreement may be executed electronically, delivered by email or facsimile, and copies of executed signature pages shall be binding as originals.

14. **ENTIRE AGREEMENT.** This Agreement constitutes the Parties' final and entire agreement respecting the matters contained herein and supersedes all previous agreements, whether written or oral, relating to such matters, and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the Parties. The Parties have not made any representations not

stated herein, nor have they relied upon any representation not stated herein in deciding whether to enter into this Agreement. The provisions of this Agreement may not be changed, discharged, terminated, altered, or waived, except by an instrument in writing signed by the Parties.

15. **EXECUTION DATE.** The "Execution Date" of this Agreement shall be the date on which the last of either GRM or Employees sign this Agreement.

**WHEREFORE**, the Parties, having fully read and understood the terms of this Agreement, have executed their signatures on the dates indicated below with the intention that they be legally bound by this Agreement.

**By Plaintiff SAMARA MANNS**

DocuSigned by:

6F73293B5G1D46C

Signature

4/3/2020

Date

**By Plaintiff ALICIA REYES**

DocuSigned by:

523547783982475

Signature

4/3/2020

Date

DocuSign Envelope ID: 9FCCC3A0-0C2F-4A9C-996D-36698AD3D869

**On behalf of Defendant GRIESBACH READY-MIX LLC**

_____
Signature

Chris Griesbach
Printed Name

Owner
Title

04/06/2020
Date


**By Defendant CHRISTOPHER SCOTT GRIESBACH:**

_____
Signature

04/06/2020
Date


**By Defendant RANDALL LEE GRIESBACH:**

_____
Signature

04/06/2020
Date